NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALDWIN PARK FREE SPEECH COALITION, an unincorporated association; ROBERT A. EHLERS, an individual, | No. 20-55244 |
| | D.C. No. 2:19-cv-09864-CAS-E |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| CITY OF BALDWIN PARK, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 10, 2020
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,** District Judge.

Appellants Baldwin Park Free Speech Coalition, an unincorporated

association, and one of its members Richard Ehlers (collectively "BPFSC") appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

the denial of their motion to preliminarily enjoin Appellee City of Baldwin Park ("City")'s temporary sign permitting ordinances, Baldwin Park, Cal. Mun. Code ("BPMC") § 153.170.060 ("Temporary Sign Ordinances"). Because the district court correctly found no likelihood of success on BPFSC's facial prior restraint and unconstitutional tax claims, we affirm.

1. To withstand constitutional scrutiny a permit system must "not delegate overly broad licensing discretion to a government official," "not be based on the content of the message," "be narrowly tailored to serve a significant governmental interest," and "leave open ample alternatives for communication." *Cuviello v. City of Vallejo*, 944 F.3d 816, 827 (9th Cir. 2019) (internal citations omitted).

(a) The Temporary Sign Ordinance does not confer overly broad discretion. Rather, a temporary permit "*shall* be granted *when* the City Planner finds the proposed sign to be in conformance with all applicable provisions of th[e] chapter, the Sign Design Guidelines and other applicable regulations." BPMC § 153.210.260 (emphases added). These standards and requirements are clearly delineated in the City's code and permit applications. *See id.* §§ 153.170.030, 153.170.040(C)(1), 153.170.060–070.[1] Thus, the Temporary Sign Ordinances

---

[1] Reference in BPMC § 153.210.260 to "Sign Design Guidelines and other applicable regulations" does not confer unbridled discretion either. Other applicable regulations are found in § 153.170.110, which points to provisions of the City's Code that are clearly delineated. The Sign Design Guidelines appear irrelevant in this appeal. The City agrees with the district court's finding that the

2

"contain adequate standards to guide the official's decision" such that "[t]he City may deny permits only when the sign does not comport with the Code's reasonably specific size and type criteria." *See G.K. Ltd. Travel v. City of Lake Oswego*, 436 F.3d 1064, 1082–83 (9th Cir. 2006) (citation omitted).

The ability to "apply conditions of approval to ensure compliance," *see* BPMC § 153.210.260, does not confer unbridled discretion either since these conditions are imposed "only to achieve [the] specified purpose[]" of compliance. *See Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011, 1028 (9th Cir. 2009). Finally, the allotted 21-day review period, even if extended to 42 days, is not unreasonable. *See* BPMC § 153.210.265(A); *see also, e.g.*, *Get Outdoors II, LLC v. City of San Diego*, 381 F. Supp. 2d 1250, 1270 (S.D. Cal. 2005) (finding a 45-day period reasonable), *aff'd on other grounds*, 506 F.3d 886.

(b) The Temporary Sign Ordinances are also content-neutral as they apply to all signs regardless of content. *See Reed v. Town of Gilbert*, 576 U.S. 155, 159,

---

City's Design Guidelines Manual is synonymous with § 153.210.060's reference to "Sign Design Guidelines." BPFSC fails to demonstrate that this finding was clearly erroneous. These Guidelines, however, only apply to more permanent signs that are an "architectural feature" of a building or industrial site, not temporary signs. Since BPFSC has only challenged the City's regulatory scheme for temporary sign permits, these Guidelines are inapplicable to this appeal as BPFSC recognized in its supplemental filing.

163 (2015).[2]  The requirement that an applicant submit a "drawing or photograph of the proposed temporary sign" to show "[h]eight, [w]idth and [l]anguage" is necessary to determine compliance with language, lettering, and size restrictions. *See* BPMC § 153.170.070.  Thus, the requirement is "justified without reference to the content of the regulated speech."  *See Reed*, 576 U.S. at 164 (citation omitted). Such "cursory examination" does not convert an otherwise content-neutral law into a content-based one.  *Hill v. Colorado*, 530 U.S. 703, 722 (2000).  Thus, lesser scrutiny applies.  *See Reed*, 576 U.S. at 172.

(c) The City's interests in traffic safety and aesthetics are significant.  *See, e.g.*, *Get Outdoors II, LLC v. City of San Diego, Cal.*, 506 F.3d 886, 893 (9th Cir. 2007).  The Temporary Sign Ordinances are also narrowly tailored as they only apply to oversized signs in specific areas that would directly impede the City's interests.  *See Cuviello*, 944 F.3d at 829.  Rules for permit-exempt and other special sign rules, *see* BPMC §§ 153.170.040(C)(1), 153.170.080–090, do not "diminish the credibility of the [City's] rationale" either because these rules impose restrictions that similarly further the City's interests.  *See City of Ladue v. Gilleo*, 512 U.S. 43, 52 (1994).

---

[2] Despite its selective enforcement arguments, BPFSC has only brought a facial challenge, foreclosing our consideration of "whether the [City] has exercised [its] discretion in a content-based manner."  *Seattle Affiliate of Oct. 22nd Coal. to Stop Police Brutality, Repression and Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 802 (9th Cir. 2008) (citation omitted).

4

(d) The Temporary Sign Ordinances also provide ample alternatives, allowing speakers to erect signs in the same place, with the same message, without a permit, and at any time. *See* BPMC § 153.170.040(C)(1); *see also City of Ladue*, 512 U.S. at 56. This amply provides speakers "a reasonable opportunity to communicate" their message. *See G.K. Ltd. Travel*, 436 F.3d at 1074, 1079 n.13 (citation omitted). Accordingly, the district court correctly found no likelihood of success on the merits of this facial claim.

2. The district court also properly rejected BPFSC's unconstitutional tax on speech claim. The district court found that the $21 fee "fairly reflect[s] costs incurred by the municipality" in processing and enforcing the Temporary Sign Ordinances, and BPFSC fails to refute that finding. *See Kaplan v. Cnty. of Los Angeles*, 894 F.2d 1076, 1081 (9th Cir. 1990) (citation omitted).

**AFFIRMED.**